# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

ANGEL JAMES FISHER,

    Plaintiff,

v.                                    CASE NO. 5:16-cv-00108-WTH-CJK

CHARLES B JONES, et al.,

    Defendants.

_____/

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated December 13, 2017. (ECF No. 79). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at ECF No. 80. I have made a de novo review based on those objections. Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted.

Defendants move for partial summary judgment on three issues: (1) Fisher's claim for injunctive relief; (2) Fisher's claims for compensatory and punitive damages; and (3) Fisher's claim against Shuler and Pieknik for Jones' use of additional force in shoving Fisher while shackled and slamming his ankle with the cell door. (Doc. 56 at 1, 8-21) . The Court adopts the Magistrate Judge's Report and Recommendation on the first and second issues above without further discussion. With regard to the third issue, the Court will also adopt the Report and Recommendation and grant summary judgment but writes separately to address issues raised in

plaintiff's objections.

In the third basis for summary judgment, Guard Pieknick and Captain Shuler argue that no evidence shows that they were present when Guard Jones shoved plaintiff into the cell and later hit him with the cell door. Thus, there is no causal connection between them and the unconstitutional conduct alleged by plaintiff. The Magistrate Judge examined a video clip from one of the three cameras in the cell block and determined that the clip conclusively showed that Pieknik and Shuler were not present at the time of the shove and door-slamming. Also, in his complaint, plaintiff never alleged whether or not Guard Pieknik was present at the time of the alleged shoving of plaintiff into the toilet and hitting of plaintiff with the door. Additionally, in his response to defendants' motion for summary judgment, plaintiff never argued that Pieknik witnessed the incidents. However, in his objections he claims that, although Pieknik and Shuler were not visibly near the cell on the video clip filed by defendants, video and audio from two other camera angles existed which would have shown that they were near.

Previously, the defendants moved, in ECF No. 54, to file the video clip from the one camera under seal. The Court granted the request in ECF No. 57. Plaintiff later filed a "Motion to Dismiss Defendants' Filing of Video Disk Under Seal", ECF No. 60. In that motion plaintiff argued that the video clip should not have been considered because it was not complete and also because there were two other cameras filming at the time which the defendants did not file. In that motion, however, he did not seek to force the government to file the video from these two other cameras. Instead, he merely moved to have the Court not consider the filed video clip.

The Magistrate Judge, in ECF No. 63, construed the motion as one to exclude the video clip from evidence and denied it because even if other evidence existed to rebut the one video clip, that did not render the video clip inadmissible. The Magistrate Judge was careful to limit

the scope of the order to just that issue:

> This ruling is limited to the very specific issues addressed herein. If, as plaintiff alleges, there is additional audio and video evidence capturing the Use of Force #15-16654 from July 23, 2015, defendants shall preserve that evidence until this case is closed.

In ECF No. 74, the plaintiff moved the Court for an order compelling the defendants to release all the audio and video evidence capturing the use of force on July 23, 2015. The defendants responded in ECF No. 75 that the video evidence plaintiff stated he was seeking would reveal at best (1) the excessive use of force by Jones; (2) Pieknik pretending that plaintiff is yelling within his cell when he was not; and (3) Shuler retaliating and using excessive force against plaintiff by ordering plaintiff pepper sprayed in the shower. None of those issues were subjects of the pending motion for partial summary judgment. Also, plaintiff did not specifically argue that the video evidence would show that Shuler and Pieknik were present at the time that Jones shoved plaintiff and hit him with the door.

The Magistrate Judge thus found that compelling the defendants to produce the video at the summary judgment stage was improper because none of the three subjects that the video would show, according to plaintiff, were subjects of the defendants' summary judgment motions. ECF No. 76. However, in his objections, plaintiff raised, for the first time, the specific claim that the two other cameras would show that Shuler and Pieknik were present and should have intervened to stop Jones' actions. *See Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir.1998) ("[I]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable[.]"). The Court concludes that, even under the theory put forth in plaintiff's objections, production of the other videos would not help plaintiff survive summary judgment on

this claim. The facts as alleged by plaintiff are insufficient to support the claim against Shuler and Pieknik even if either were present. Jones' conduct was sudden and singular as distinguished from threatened acts that were carried out over time by multiple perpetrations. In other words, Shuler and Pieknik, even if present, had no opportunity to intervene before the wrongful violations had been consummated.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated herein.

2. That defendants' motion for partial summary judgment (doc. 56) is GRANTED in favor of defendants Shuler, Jones and Pieknik on plaintiff's compensatory and punitive damages claims. Therefore, plaintiff's recovery in this action is limited to nominal damages.

3. Defendants Pieknik and Shuler's motion for partial summary judgment as it regards plaintiff's claim that they witnessed and failed to intervene when Jones allegedly shoved Fisher and slammed his ankle with the cell door is GRANTED.

4. To the extent plaintiff's complaint can be liberally construed as requesting injunctive relief, such claim is DISMISSED as abandoned.

**DONE AND ORDERED** this _23rd_ day of April, 2018

_____
UNITED STATES DISTRICT JUDGE