UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANGEL JAMES FISHER,

    Plaintiff,

v.                                  Case No. 5:16cv108-MW-HTC

SERGEANT CHARLES B JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Angel James Fisher's Motion Seeking Order from the Court (ECF Doc. 104) and Motion to Reconsider a Final Order Under Rule 60(b)(2) (ECF Doc. 123). Fisher seeks relief from the Court's April 23, 2018, order granting partial summary judgment to Defendants on his claims for compensatory and punitive damages (ECF Doc. 81). Fisher's motions are based on allegedly newly discovered evidence, namely a radiology report of an x-ray of his spine performed almost three (3) years after the incident, and two (2) months after the Court granted partial summary judgment. Fisher contends the x-ray shows he suffered more than a *de minimis* injury and thus is entitled to compensatory and punitive damages. ECF Doc. 123 at 3-4. Fisher's motion was referred to the undersigned for consideration pursuant to 28 U.S.C. § 636 and N.D.

Fla. Loc. R. 72.2(C).  After careful review and consideration of Plaintiff's motions and the Defendants' Response (ECF Doc. 127), the undersigned recommends that Plaintiff's motions be DENIED and the matter set for trial.

**I.      BACKGROUND PROCEDURAL HISTORY**

Fisher filed this action against the Defendants, Sergeant Jones, Captain Shuler and Officer Pieknik, alleging they retaliated and used excessive force against him in violation of the First and Eighth Amendments.  ECF Doc. 1 at 11.  The incident giving rise to Fisher's claim allegedly occurred on July 23, 2015. *Id*. at 5.  In Fisher's complaint (ECF Doc. 1) he alleges, among other things, that Defendant Jones "forcefully shov[ed] [him] through the open cell door," which "force caus[ed] [him] to land heavily against the toilet hurting [his] back."  ECF Doc. 1 at 9 (Statement of Facts ¶ 20).

On July 10, 2017, Defendants filed a motion for summary judgment on three issues, one of which was Fisher's claim for compensatory and punitive damages.[1]  ECF Doc. 56 at 1, 12-19.  Specifically, Defendants argued that Fisher was not entitled to recover damages because his injuries were *de minimis*. *Id*.  On December

---

[1] Summary judgment was also granted for Defendants Shuler and Pieknik on Fisher's claim that they witnessed and failed to intervene in Jones' shoving Fisher and slamming his ankle with the cell door and, to the extent requested, Fisher's claim for injunctive relief.  ECF Docs. 79 at 15, 81 at 1-2.  Fisher does not seek to have the judgment reversed on those claims.

Case No. 5:16cv108-MW-HTC

13, 2017, Magistrate Judge Kahn issued a Report and Recommendation, recommending the motion for summary judgment be granted on all three issues. ECF Doc. 79. The Report and Recommendation recites the following facts, relevant to Fisher's injuries (ECF Doc. 79 at 7-8): After the incident, Fisher was taken to the medical department for a post-use-of-force examination. At that time, Fisher did not complain of any injuries to his back, just to his right ankle and face. Fisher was treated with a saline wash to his face and one eye. It was not until September 2015 that Fisher started complaining about back pain. Complete radiology studies of Fisher's cervical, thoracic, and lumbosacral spine were performed on September 21, 2015, and again on September 19, 2016. Fisher's treating physicians discerned no clinical findings consistent with back or spinal trauma. Fisher's treating physicians also found that despite Fisher's claim of degenerative disk disease, the radiology studies did not support this "apparent self-diagnosis."

In the Report and Recommendation, Judge Kahn concluded as follows with regard to Fisher's claim for compensatory and punitive damages:

> The undisputed medical evidence establishes that (1) the effects of the chemical agents (irritation to the face and one eye) were minor, temporary and cured by washing; (2) the cell door incident left only a minor abrasion on Fisher's ankle that did not require treatment; and (3) Fisher did not sustain a back injury from falling against the toilet.

*Id.* at 12.  Therefore, the Report and Recommendation recommended that, under 42 U.S.C. § 1997e(e), Fisher's damages be limited to nominal damages because Fisher had not shown an injury that was more than *de minimis*.  *Id.* at 13.  ECF Doc. 80.  The district judge adopted the Report and Recommendation on April 23, 2018.  ECF Doc. 81.

Subsequently, Fisher filed a "Motion Seeking Order from Court," asking the Court to enter an order allowing him to file a motion for newly discovered evidence, and further stating, "after his fifth x-ray, a verbal diagnosis and documentation reveal that Plaintiff's spine indicates a 'narrow' as in 'thin' or 'flattened area' located where Plaintiff has indicated excessive pain."  ECF Doc. 104.  On December 4, 2018, Magistrate Judge Kahn entered an order allowing Fisher time to "file his newly discovered evidence supporting his motion to re-open/reconsider."  ECF Doc. 106.  After several extensions, Fisher filed a Motion to Reconsider a Final Order Under Rule 60(b)(2) on April 1, 2019, almost one (1) year after the summary judgment order was entered.  ECF Doc. 123.

In Fisher's motion to reconsider, Fisher references a radiology report interpreting a June 29, 2018, x-ray of his spine and points to it as support for the conclusion that he sustained a serious back injury from the July 23, 2015, incident.  ECF Doc. 123 at 3-4.  Fisher, however, does not attach a copy of the radiology report

to the motion. Instead, he quotes from the radiology report, and focuses on the report's reference to the presence of a "mild bony forminal [sic] narrowing present at L5-S1." *Id*. at 3. Fisher also states that Dr. Awobuluyi, who signed the radiology report, "provided Fisher with a verbal detailed description that such narrowing between the L5-S1 structure of the vertebrae caused extreme pain as time exceeds."[2] *Id.* at 4. Fisher does not provide any affidavit to support this statement, and his motion is neither sworn nor verified

Although Fisher did not attach the radiology report to his motion, the Defendants do so to their response, along with a declaration from Dr. Kalem Santiago (thus curing any admissibility issues). ECF Doc. 127-1. Dr. Santiago is the Chief of Medical Service for the Florida Department of Corrections and states in his declaration the following: (1) mild bony foraminal narrowing means that the space or opening on either side of the spine that allows the nerves to exit the spinal canal is mildly reduced in size or narrowing; (2) the condition is usually a result of natural wear and tear of the bones that increases with age and is also referred to as

---

[2] The full results are as follows: There is anatomic alignment of lumbar vertebrae. The vertebral bodies have normal shape and ossification pattern. Posterior elements are intact. L5 transverse processes lie contiguous with the sacrum. Mild bony foraminal narrowing present at L5-S1. Conclusion: Mild bony foraminal narrowing present at L5-S1. Correlate with CT for greater detail, as deemed indicated, particularly if there is ongoing concern for acute fracture. ECF Doc. 127-1 at 4.

Case No. 5:16cv108-MW-HTC

disc degeneration; (3) the condition can also be caused by Rheumatoid arthritis, Osteoarthritis, chronic spinal infections, tumors, genetic predisposition, history of repetitive motions, or traumatic injury (MVA, contact sports, exercise or falls). ECF Doc. 127-1 at 2, ¶s 3-5.

The Defendants, thus, argue the 2018 radiology report does not provide evidence that Fisher's back pain was caused by an injury from the excessive use of force, and point to the following additional undisputed evidence in the record: (1) Fisher's exams before June 29, 2018 never showed any discernable evidence of a back injury and (2) Fisher reported lower back pain that started prior to the date of the use of force and which was due to degenerative disc disease (a condition consistent with the 2018 x-ray). ECF Doc. 127 at 4-5.

## II.   DISCUSSION

### A. <u>Rule 60(b)(2)</u>.

For the court to grant relief based upon newly discovered evidence under Federal Rule of Civil Procedure 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the judgment; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that renewed consideration would probably

Case No. 5:16cv108-MW-HTC

produce a new result. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir.2000). "A motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." *Id.* If any one of the elements above are not met, the Rule 60(b) motion fails. *See Harduvel v. General Dynamics Corp.*, 801 F.Supp. 597, 604 (M.D. Fla. 1992). "The Rule 60(b) movant carries a heavy burden to show that the circumstances were sufficiently extraordinary to warrant relief." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir.), *cert. denied*, 127 S.Ct. 387 (2006). When considering a Rule 60(b) motion, the courts should bear in mind that "[f]inality in the law is a virtue." *See Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

## B. The June 2018 Radiology Report Is Not "Newly Discovered Evidence."

As an initial matter, the June 2018 radiology report Fisher relies upon is not "newly discovered evidence" under Rule 60(b)(2) because the report did not exist at the time the Court granted summary judgment. *See NLRB v. Jacob E. Decker & Sons*, 569 F.2d 357, 364 (5th Cir. 1978)[3]; *Harduvel*, 801 F.Supp. at 605 ("several of

---

[3] Although not all circuits have adopted the requirement that newly discovered evidence must exist at the time of the judgment, the Fifth Circuit's decision in *Jacob E. Decker* is binding precedent on this circuit. *See Baucom v. Sisco-Stevedoring, LLC*, 2008 WL 2428930, at *3 (S.D. Ala. June 12, 2008); *see also*, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (the Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981).

Case No. 5:16cv108-MW-HTC

Page 8 of 15

the documents appended to Harduvel's motion cannot be considered newly discovery evidence, since they … were created after … the final day of trial. The motion is defeated with respect to those documents."). In other words, although a Rule 60(b) motion involving the discovery of new evidence must be based on evidence that was unknown at the time of judgment, the evidence, nonetheless, also must have been in existence at the time of the judgment. *See e.g., Baucom,* 2008 WL 2428930 at *4. As one court explained in the context of a motion seeking a new trial, "[t]his is so because of bedrock principles of finality and certainty of judicial proceedings. Evidence which has only come into existence after the conclusion of a trial cannot justify the granting of a new trial 'for the obvious reason that to allow such procedure could mean the perpetual continuation of all trials.'" *See id.*, citing *Jacob E. Decker*, 569 F.2d at 364.

In *Baucom*[4], the plaintiff moved for a new trial based on an affidavit from his treating physician regarding a lumbar procedure that was performed post-trial and based on a subsequent examination. *See id.* at *5. The court denied the motion, finding that "[s]uch evidence was not in existence at the time of the trial, but instead is clearly newly created evidence concerning post-trial developments." *Id*. The

---

[4] Although *Baucom*'s motion for new trial was filed pursuant Rule 59(a)(2), the court used the same 5-part test as applicable to Rule 60 motions. *See Baucom*, 2008 WL 2428930 at *4.

court, thus, denied the motion, determining that "pursuant to *Jacob E. Decker* and its progeny," the "affidavit does not constitute 'newly discovered evidence,' that might warrant the granting of relief." *Id.*; *see also, Ryan v. U.S. Lines*, 303 F.2d 430, 434 (2d Cir. 1962) ("[w]e agree with Judge Levit's denial of Ryan's motion for new trial …. 'newly discovered evidence,' permits reopening a judgment only on the discovery of evidence in existence and hidden at the time of the judgment, and the results of new physical examinations are not such evidence"). The radiology report relied upon by Fisher is no different from the purported "newly discovered evidence" at issue in *Baucom* and *Ryan*.

Accordingly, the June 2018 x-ray does not constitute "newly discovered evidence," as required by Rule 60(b). *See Baucom*, 2008 WL 2428930, at *5. As an initial matter, if any one of the five elements of the 5-part test is not satisfied, Fisher's motion fails. *See Harduvel*, 801 F. Supp. at 604. Even so, to avoid any uncertainty that relief is not warranted, the Court also examines the remaining elements and, for the reasons discussed next, concludes that the motion fails for the additional reasons that the June 2018 radiology report is not material and also would not alter the outcome on summary judgment.

## C. <u>The June 2018 Radiology Report Is Not Material</u>.

Even if the June 2018 radiology report constituted "newly discovered evidence," it is not material because the x-ray was performed three (3) years after the incident in question and, thus, shows only the condition of Fisher's back at that time – not its condition immediately after the incident. The report further does not show Fisher's back condition resulted from a traumatic injury but, instead, shows Fisher suffers from a condition consistent with a degenerative disc disease, a condition Fisher complained of in 2015. The report is unaccompanied by any affidavit showing that the "foraminal narrowing" was caused by the use of force or an affidavit eliminating other causes. Fisher claims that Dr. Awobuluyi, who signed the radiology report, "provided Fisher with a verbal detailed description that such narrowing between the L5-S1 structure of the vertebrae caused extreme pain as time exceeds," and "[t]he doctor further confirmed that such an injury can result from a sharp blow to the back and that there are no cures for the narrowing." *See* ECF Doc. 123 at 4. As Defendants correctly point out, however, what Dr. Awobuluyi told Fisher is inadmissible hearsay. *See e.g., Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007) (holding that district court properly declined to consider unsworn affidavit filed in support of plaintiff's motion to alter or amend judgment). Moreover, Fisher's motion is not verified or sworn and thus the factual statements therein also

Case No. 5:16cv108-MW-HTC

cannot be considered.  *Holloman v. Jacksonville Housing Auth.,* 2007 WL 245555 at *2 (11th Cir. Jan. 30, 2007) ("unsworn statements, even from *pro se* parties, should not be considered on a motion for summary judgment").

The significant gap in time between the incident and the x-ray, combined with Fisher's failure to produce any evidence, such as an affidavit from a medical professional, as to the cause of the condition or even eliminating other causes of the "foraminal narrowing" renders the radiology report immaterial.  *See Quinones-Pacheco v. American Airlines, Inc.*, 979 F.2d 1 (1st Cir. 1992) (affirming judgment in favor of defendant on lack of damages where physician's opinion suffered from four major weakness, including the 1-year temporal gap between injury and treatment; the temporal gap between the injury and the CT-scan; and the doctor's failure to eliminate other causes of the herniated disc); *see also, Evans v. United States,* 978 F.Supp.2d 148 (E.D. NY 2013) (finding a gap of 20 months between the last examination and a physician's affidavit is generally insufficient to raise a triable issue as to whether the plaintiff suffered a serious injury).

### D. **The 2018 Radiology Report Would Not Have Altered the Outcome**.

Finally, and for similar reasons, Fisher cannot meet the heavy burden of showing that the June 29, 2018, radiology report would result in a different outcome. *See id*.  In recommending the entry of summary judgment in favor of Defendants,

Case No. 5:16cv108-MW-HTC

Judge Kahn found that "Fisher has not come forward with evidence that would enable a reasonable jury to find that he suffered more than a de *minimis* physical injury." ECF doc. 79 at 12. The 2018 radiology report does not alter that conclusion.

The only fact the 2018 radiology report tends to prove is that over the intervening almost three (3) years after the alleged excessive use of force Fisher developed a "[m]ild bony foraminal narrowing present at L5-S1," which could have been caused by a myriad of factors. ECF 127-1 at 4. It does not show that any such condition was caused by the 2015 incident. Indeed, Fisher has presented nothing more than his own speculation and inadmissible hearsay to connect his current back condition to the alleged excessive use of force from 2015. Such speculation is insufficient to create a triable issue of fact in light of the evidence presented by the Defendants, including the lack of any clinical evidence of injury in the 2015 and 2016 radiology reports. Indeed, the lack of an identified acute injury in those earlier radiological exams, combined with the lack of an identified acute injury in the 2018 radiology report, undermines Fisher's suggestion that his back condition is the result of trauma versus a degenerative disc condition or "natural wear and tear" of aging. ECF Doc. 127 at 4-5.

In other words, even with the radiology report, "a jury would still be forced to speculate as to both the date and cause of [Fisher]'s injury," making it insufficient

Case No. 5:16cv108-MW-HTC

to create a triable issue of fact. *See also, Harrell v Dillard's, Inc.*, 2012 WL 3061482, at *4 (N.D. Okla. July 26, 2012). "Speculation does not create a *genuine* issue of fact...." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005) (internal quotation marks and citation omitted). Fisher's motion fails because the radiology report does not warrant a different outcome. *See Johnson v. Razden*, 564 F. App'x 481, 485 (11th Cir. 2014) (finding plaintiff failed to show genuine issue of material fact existed with respect to his various medical ailments, where only evidence of causation was plaintiff's conclusory assertions and the temporal proximity between the biopsy and the medical ailments); *see also McCall v. Crosthwait,* 590 F. Supp. 2d 1337, 1343 (M.D. Ala. 2008) (granting summary judgment to defendants in excessive force claim where there was no indication that "a small central disc protrusion/herniation which does not appear to contact the spinal cord or narrow the spinal canal" was caused by officer's actions, and thus, insufficient evidence to adjudicate on the severity, much less the causes of the injury). The radiology report, unaccompanied by medical testimony on causation, renders Fisher unable to establish a genuine issue of material fact that he suffered anything more than a *de minimis* injury. *See E.C. v. Child Development Schools, Inc.,* 2011 WL 4501560, at *9 (M.D. Ala. Sept. 29, 2011) (granting summary

Case 5:16-cv-00108-MW-HTC Document 129 Filed 05/16/19 Page 14 of 15

Page 14 of 15

judgment where plaintiff offered no medical testimony on the causation of her daughter's death).

### III. CONCLUSION

Because the x-ray does not constitute newly discovery evidence and, even if it did, is not material and would not alter the basis for the district court's partial grant of summary judgment, Fisher has not met his burden under Rule 60(b)(2). *See Waddell*, 329 F.3d at 1309 (holding that the district court did not abuse its discretion in denying the movant's motion under Rule 60(b)(2) because the movant's newly discovered evidence would not change the outcome in the underlying case).

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff Angel James Fisher's Motion Seeking Order from the Court (ECF Doc. 104) and Motion to Reconsider a Final Order Under Rule 60(b)(2) (ECF Doc. 123) be DENIED and

2. That the case be set for trial on the limited issues as outlined in the Report and Recommendation and Order adopting same (ECF Docs. 79, 81).

DONE AND ORDERED this 16th day of May, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 5:16cv108-MW-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.